UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL RODRIGUES,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 13-30207-MGM<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
(Dkt. No. 34)

October 20, 2015

MASTROIANNI, U.S.D.J.

I.   INTRODUCTION

Manuel Rodrigues ("Plaintiff") brought this action seeking judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding his entitlement to Social Security Disability Insurance ("SSDI") benefits pursuant to 42 U.S.C. § 405(g) and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). On March 31, 2015, the court allowed Plaintiff's motion to reverse the decision of the Commissioner to the extent it sought a remand. (Dkt. No. 32.) The court did not address Plaintiff's (or the Commissioner's) substantive arguments but, instead, remanded because the Appeals Council improperly denied review based on a superseded August 28, 2012 decision by the administrative law judge ("ALJ") rather than the operative September 20, 2012 decision. (*Id.*) The court concluded, based on "the importance of the administrative process" and the clear mistake of the Appeals Council, "that Plaintiff should have the opportunity to exhaust review at the Appeals Council so that

it may determine whether to review the ALJ's findings based on the operative decision below." (*Id.* at 6.)

Presently before the court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 34.) Plaintiff seeks a total of $3,502.59 in fees based on an attorney hourly rate of $192.39 for 4.85 hours and a paralegal hourly rate of $90.00 for 28.55 hours. (*Id.*, Ex. A.) The Commissioner opposes Plaintiff's motion, arguing that due to "special circumstances," no fees should be awarded. For the following reasons, the court will allow Plaintiff's motion and award attorney's fees in the amount requested.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 17, 2009, Plaintiff applied for SSDI and SSI benefits, alleging disability beginning on August 7, 2007. On May 5, 2010, Plaintiff's claims were initially granted in part, with a disability onset date determined to be January 6, 2009. After Plaintiff's request for reconsideration of the onset date was denied, he requested a hearing in front of an administrative law judge, which hearing was held on April 16, 2012. On August 28, 2012, despite the initial partially favorable disability determination, the ALJ found Plaintiff was not disabled from August 7, 2007 through the date of that decision. Then, on September 20, 2012, the same ALJ issued a decision superseding his August 28, 2012 decision, in which he affirmed the initial January 6, 2009 onset of disability date.

The Appeals Council subsequently denied Plaintiff's request for review on October 16, 2013; however, that decision was based on the inoperative August 28, 2012 decision rather than the superseding September 20, 2012 decision. In light of this error, the court remanded the case back to the Appeals Council. Plaintiff thereafter filed the present motion seeking attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. Defendant opposes this motion, contending the court should deny fees

based on the "special circumstances" exception in 28 U.S.C. § 2412(d)(1)(A) because Plaintiff did not prevail on any of the arguments he made for reversal.

III.  DISCUSSION

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). It is undisputed that Plaintiff is the "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). Moreover, the Commissioner does not argue that its position was "substantially justified" or that, in the event attorney's fees are appropriate, the amount requested is unreasonably high. Rather, the Commissioner only asserts that "special circumstances make an award unjust" in light of the unique procedural posture of this case. The court does not agree.

The Commissioner has the burden of demonstrating "special circumstances" justifying denial of attorney's fees under 28 U.S.C. § 2412(d)(1)(A). *See McDonald v. Bowen*, 693 F. Supp. 1298, 1302 (D. Mass. 1988), *aff'd in part, remanded in part sub nom. McDonald v. Sec'y of Health & Human Servs.*, 884 F.2d 1468 (1st Cir. 1989). The First Circuit has explained, in an analogous context, that "the sorts of 'special circumstances' that would permit the outright denial of a fee award . . . are few and far between." *De Jesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 200 (1st Cir. 2009) (construing the "special circumstances" exception regarding the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b)).[1] For example, the First Circuit has found "that 'outrageous' or 'inexcusable' conduct on

---

[1] The court has not found a case in which the First Circuit has directly construed the "special circumstances" exception in the EAJA.

3

the part of the plaintiff or its counsel during litigation of the case can sometimes constitute 'special circumstances' warranting denial of attorney's fees"; "other 'bad faith or obdurate conduct' might also constitute" such special circumstances; and "an 'unjust hardship that a grant or denial of fee shifting might impose' could also constitute an acceptable reason to deny an award of attorney's fees." *De Jesus Nazario*, 554 F.3d at 200-201 (citations omitted). "Nevertheless," the First Circuit explained, "few such special circumstances satisfy these stringent criteria." *Id.* at 201. The court believes the First Circuit would apply similar criteria to the "special circumstances" exception regarding the EAJA. *See McDonald v. Sec'y of Health & Human Servs.*, 884 F.2d 1468, 1474 (1st Cir. 1989) (explaining that the same "prevailing party" standard under 42 U.S.C. § 1988(b) "is applicable to EAJA as well"); *Manning v. Astrue*, 510 F.3d 1246, 1250 n.5 (10th Cir. 2007) ("The Supreme Court has held that legal principles from cases addressing other fee-shifting statutes, such as § 1988, apply to EAJA cases.").

    The court cannot conclude this case presents the type of "special circumstances" which warrant the denial of attorney's fees under 28 U.S.C. § 2412(d)(1)(A). This is not a case where Plaintiff or Plaintiff's counsel engaged in bad faith conduct or where the allowance of the requested fee would constitute an unjust hardship. Nor is this a cases where Plaintiff was unsuccessful on the merits of his arguments for reversal. Rather, the court never passed on the merits of Plaintiff's arguments because it remanded for another reason, namely, the Appeals Council reviewed the wrong decision. Granted, as the Commissioner points out, Plaintiff failed to make this argument in seeking reversal. The court, however, is not convinced such a failure rises to the level of "special circumstances" envisioned by the statute. Moreover, the degree of a plaintiff's success is generally only relevant in an attorney's fees analysis to the extent it is used to calculate the size of a reasonable fee award, not to the question of the eligibility for fees in general or the "special circumstances" exception. *See De Jesus*, 554 F.3d at 202, 206; *Williams v. Hanover Hous. Auth.*, 113 F.3d 1294, 1301

4

n.14 (1st Cir. 1997). Plaintiff may well end up succeeding on the merits of his substantive arguments[2] and, in the court's view, should not be entirely deprived of attorney's fees in this situation when it was the Social Security Administration's error which led to reversal.

The Commissioner cites two Second Circuit cases, *United States v. 27.09 Acres of Land*, 43 F.3d 769 (2d Cir. 1994), and *Oguachuba v. INS*, 706 F.2d 93 (2d Cir. 1983), in objecting to the fee request. As Plaintiff asserts, however, those cases are distinguishable and the Second Circuit has recently provided more extensive guidance on the "special circumstances" exception under the EAJA. In *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 304 (2d Cir. 2011), the Second Circuit distilled the following from its earlier decisions: "A prevailing party can therefore be denied attorney's fees under the EAJA for 'special circumstances' when his own misconduct created the circumstances that led to the litigation, *see Oguachuba*, 706 F.2d at 94, and when that party's contributions to the litigation's success were 'marginal, duplicative and unnecessary,' *see 27.09 Acres*, 43 F.3d at 771." This case fits into neither category.[3] In reversing the district court's decision, the Second Circuit in *Vincent* also explained that "[t]he EAJA's fee-shifting provision is meant to reduce the economic deterrents to contesting governmental action and the disparity between the resources and expertise of . . . individuals and their government." *Vincent*, 651 F.3d at 304 (internal quotation marks omitted); *see also id.* ("The EAJA provides access to justice by encouraging access to counsel, which not only ensures the thoughtful presentation and consideration of opposing views, but also assists the government in refining and formulating public policy." (internal quotation marks omitted)). These goals, the Second Circuit explained, are "not advanced if an indeterminate standard is applied to reduce or deny a fee award based on alleged deficiencies in representation," especially in the context

---

[2] The court, of course, takes no position one way or the other on the merits of the parties' substantive arguments.
[3] In *27.09 Acres*, 43 F.3d 769, the party seeking attorney's fees intervened as a co-defendant and only contributed to an unsuccessful early phase of the litigation. *Id.* at 771, 773. That party, however, did not contribute in the successful latter phase of the litigation. *Id.* at 773-74.

5

of Social Security appeals, which present unique adjudication responsibilities on the part of the government and often involve clients and legal service providers with limited resources. *Id.* at 304-305, 306. Accordingly, contrary to the Commissioner's assertions, Second Circuit case law supports, rather than undermines, Plaintiff's position.

Having determined that Plaintiff is a "prevailing party" and that the "special circumstances" exception does not apply, the court now must address the appropriate amount of a fee award. As mentioned, the Commissioner does not develop any argument that the size of the award Plaintiff seeks is unreasonably high, whether due to the number of hours submitted or the hourly rates. The Commissioner does assert, in the concluding sentence of her opposition, that "the Court should deny the petition *or reduce the amount of the award*." (Dkt. No. 35, Def.'s Ob. to Pl.'s Req. for Att'y's Fees at 4 (emphasis added).) But that statement, like the rest of her brief, is based entirely on the "special circumstances" argument which this court has already rejected. Accordingly, in light of the Commissioner's failure to argue otherwise, *see United States v. Eleven Vehicles*, 200 F.3d 203, 211-212 (3d Cir. 2000); *Vincent*, 651 F.3d at 307; *see also Monga v. Glover Landing Condominium Trust*, 1993 WL 50844, at *3 (1st Cir. Mar. 1, 1993) (unpublished), and on the court's own review, the court finds the amount of the fees requested is reasonable.

IV. CONCLUSION

For these reasons, the court ALLOWS Plaintiff's Motion for Attorney's Fees. (Dkt. No. 34.) It is So Ordered.

                                                      /s/ Mark G. Mastroianni
                                                  MARK G. MASTROIANNI
                                                  United States District Judge